**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FRANK RANDAZZO, an individual and as assignee of Robert Destocki, | ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) ) |
| THE IDES OF MARCH, LLC, an Illinois Limited Liability Company, and JAMES PETERIK, an individual, | ) ) ) ) JURY DEMAND |
| Defendants. | ) ) ) |

## VERIFIED COMPLAINT

NOW COMES Plaintiff, FRANK RANDAZZO (hereinafter "Plaintiff"), by and through his attorneys, Blaise & Nitschke, P.C., and hereby submits his Verified Complaint against Defendants, THE IDES OF MARCH, LLC and JAMES PETERIK (hereinafter "Defendants"). In support thereof, Plaintiff states as follows:

### THE PARTIES

1. Plaintiff FRANK RANDAZZO ("Randazzo") is an individual, and, at all times relevant hereto resided in California. He is the assignee of Robert Destocki of any and all claims relevant to this Complaint.

2. Defendant THE IDES OF MARCH, LLC ("Ides of March") is a domestic Limited Liability Company with its principal place of business at 780 Tek Drive, Crystal Lake, Illinois 60014.

3. Defendant JAMES PETERIK ("Peterik") is an individual, and at all times relevant hereto resided in Illinois.

### JURISDICTION AND VENUE

1

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because no plaintiff shares a state of citizenship with any defendant and the amount in controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the Defendants are domiciled in the Northern District of Illinois, and a substantial part of the events giving rise to Plaintiff's cause of action occurred in this District.

## FACTS COMMON TO ALL COUNTS

6. On or about September 16, 1970, Plaintiff Randazzo and Robert Destocki – operating as "Lee Productions" – entered into a recording agreement ("Recording Agreement," attached hereto and incorporated herein as **Exhibit A**) with the band, Defendant Ides of March. At all relevant times, James Peterik has been and is a member of Ides of March and he signed the Recording Agreement.

7. In or around 2002 and 2003, Defendant Ides of March failed to pay to Plaintiff Randazzo and Robert Destocki royalties and licensing fees as obligated by the Recording Agreement. In particular, Defendant Ides of March represented that from the beginning of 2002 through August 28, 2003, Defendant Ides of March received $199,712.18 in royalties and licensing fees from Warner Bros.

8. In or around 2000 Defendant Peterik – on behalf of Defendant Ides of March – began repeatedly, falsely accusing Plaintiff Randazzo and Robert Destocki of withholding royalties from Defendants Ides of March and Peterik. Defendants repeated these false allegations through 2002 and into 2003.

9. Defendants Peterik and Ides of March failed to pay Plaintiff Randazzo and Robert Destocki their share of the royalties referenced in Paragraph 7 until after the Parties reached a new

Case: 1:22-cv-01876 Document #: 1 Filed: 04/11/22 Page 3 of 7 PageID #:3

agreement ("2003 Agreement," attached hereto and incorporated herein as **Exhibit B**) concerning the split of royalties and licensing fees.

10. Upon the execution of the 2003 Agreement, Defendant Ides of March provided Plaintiff Randazzo and Robert Destocki each with a check for $24,964.02 as settlement for the royalties and licensing fees withheld by Defendants in 2002 and 2003.

11. Following the execution of the 2003 Agreement, Defendants did not make any of the required payments to Plaintiff Randazzo and Robert Destocki for their share of royalties and licensing fees earned after August 28, 2003.

12. Upon information and belief, Defendants have received royalties under the 2003 Agreement.

13. In or about May of 2021, Plaintiff Randazzo inquired about the unpaid royalties and licensing fees under the 2003 Agreement. In response, Defendant Ides of March notified Plaintiff Randazzo of "its termination of the [2003] Agreement." *See* Letter from Counsel for Ides of March, attached hereto and incorporated herein as **Exhibit C**.

14. Upon information and belief, Defendants had no intention of ever paying the agreed-upon share of royalties and licensing fees to Plaintiff Randazzo and Robert Destocki per the 2003 Agreement.

15. Upon information and belief, the unpaid share of royalties owed to Plaintiff Randazzo and Robert Destocki under the 2003 Agreement exceeds $75,000.00.

<u>**COUNT I**</u>
**BREACH OF CONTRACT**
**(Against Defendant Ides of March)**

16. Plaintiff re-alleges and incorporates paragraphs 1 through 15 of this Verified Complaint as though fully set forth herein.

17. In the 2003 Agreement, as consideration for the production of Ides of March masters by Plaintiff Randazzo and Robert Destocki, Defendant Ides of March agreed to give Plaintiff Randazzo and Robert Destocki, collectively, a 25% share of "[a]ll royalties paid, including any licensing fees."

18. Defendant Peterik signed the 2003 Agreement on behalf of Defendant Ides of March as a "Partner" and acting as an agent of Defendant Ides of March.

19. Defendant Ides of March failed to make any payments to Plaintiff Randazzo and Robert Destocki of their share of any royalties paid.

20. On July 2, 2021, Defendant Ides of March wrongfully terminated the agreement, denying Plaintiff Randazzo and Robert Destocki their rightful share of future royalties.

21. Defendant Ides of March's breach proximately caused Plaintiffs the following injuries:

   a. Actual damages in an amount to be determined at trial;

   b. Plaintiff has been wrongfully stripped of their rightful share in future royalties under the 2003 Agreement;

   c. Costs incurred to expose Defendant Ides of March's breach of contract; and

   d. Costs incurred in bringing this suit.

<div style="text-align:center">

**COUNT II**
**FRAUD**
**(Against All Defendants)**

</div>

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 of this Verified Complaint as though fully set forth herein.

23. By withholding from Plaintiff Randazzo and Robert Destocki their rightful share of royalties and licensing fees received by Defendant Ides of March in 2002 and 2003 on the

grounds of repeated false accusations that Plaintiff Randazzo and Robert Destocki were themselves withholding royalties from Defendants, Defendants engaged in a pattern of deceptive conduct.

24. Defendants promised to pay to Plaintiff Randazzo and Robert Destocki 25% of all royalties received under the 2003 Agreement.

25. The promise by Defendants to pay to Plaintiff Randazzo and Robert Destocki 25% of all royalties received under the 2003 Agreement – which arose out of the pattern of deceptive conduct referenced in Paragraph 23 – was breached within 30 days after the receipt of any royalties payments by Defendants Ides of March following August 28, 2003.

26. The promise by Defendants to pay to Plaintiff Randazzo and Robert Destocki 25% of all royalties received under the 2003 Agreement is thereby part of a scheme to defraud Plaintiff Randazzo and Robert Destocki.

27. Upon information and belief, Defendants knew that the promise referenced in Paragraph 24 was false at the time they made the promise.

28. Defendants made the promise referenced in Paragraph 24 in order to induce Plaintiff to sign the 2003 Agreement.

29. Plaintiff relied upon Defendants' promise referenced in Paragraph 24 in signing the 2003 Agreement.

30. Plaintiff has been harmed by his reliance upon Defendants' knowingly false promise referenced in Paragraph 24, with Plaintiff suffering the following damages:

　　a. Actual damages in an amount to be determined at trial;

　　b. Costs incurred to expose Defendants' fraud; and

　　c. Costs incurred in bringing this suit.


WHEREFORE, Plaintiff FRANK RANDAZZO prays for judgment in his favor and against Defendants THE IDES OF MARCH, LLC and JAMES PETERIK in an amount no less than $75,000.00 to be determined at trial, including but not limited to pre-judgment and post-judgment interest, punitive damages, interest and costs (including attorneys' fees), for an injunction reversing Defendants' wrongful termination of the 2003 Agreement, and for any further relief this Court deems necessary and just.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all matters so triable.

Respectfully submitted,
FRANK RANDAZZO

By: /s/ *Thomas J. Nitschke*
Thomas J. Nitschke
Blaise & Nitschke, P.C.
145 S. Wells Street, Suite 1800
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
tjnitschke@blaisenitschkelaw.com
ARDC No. 6225740

## **VERIFICATION**

  Under penalties of perjury as provided by law, the undersigned hereby certifies that he has read the foregoing Verified Complaint in this action, and that the statements set forth in the foregoing are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated: 4/11/2022

*Frank Randazzo*
FRANK RANDAZZO