UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK RANDAZZO, | ) | |
| Plaintiff, | ) | Case No. 22-cv-01876 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| THE IDES OF MARCH, LLC and | ) | |
| JAMES PETERIK, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Frank Randazzo brings this action against defendants The Ides of March, LLC and James Peterik for breach of contract and common law fraud. Before the Court is defendants' motion to dismiss the complaint [21] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants the motion.

**Background**

In 1970, Frank Randazzo ("Randazzo") and Robert Destocki ("Destocki"), operating as the entity "Lee Productions", entered into a recording agreement (the "Recording Agreement") with band Ides of March ("IOM" or the "Band"). Among other things, the Recording Agreement outlined Lee Productions' rights to a percentage of the Band's royalties and licensing fees. Between 2000 and 2003, disputes arose regarding the amount owed to Randazzo and Destocki, which led the parties to enter into a new agreement (the "2003 Recording Agreement"). In addition, IOM paid the producers a cash settlement for the prior disputes. In 2017, Destocki passed away. Randazzo does not dispute that at the time of his death, Destocki was a citizen of Illinois. Destocki's widow now represents his estate.

In May 2021, Randazzo and Destocki's estate, represented by the same counsel, inquired with the Band about outstanding payments due under the 2003 Recording Agreement. One month later, IOM offered to settle the claims and terminate the 2003 Recording Agreement. Having

rejected the settlement, Destocki's estate assigned its interest in the litigation to Randazzo (the "Assignment Agreement") on April 4, 2022. One week later, Randazzo brought this action in federal court on behalf of himself and Destocki's estate.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a claim based on a lack of subject matter jurisdiction. A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See W. Transp. Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982). The Court must address whether subject matter jurisdiction exists before it can assess the merits of a case. *All. for Water Efficiency v. Fryer*, 892 F.3d 280, 287 (7th Cir. 2018).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

IOM moves to dismiss this suit for lack of subject matter jurisdiction on the basis that Destocki's estate assigned its interest in the 2003 Recording Agreement solely for purposes of creating diversity jurisdiction. *See* 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made

or joined to invoke the jurisdiction of such court."). At the time of his death, Destocki was an Illinois resident. 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent[.]"). Because defendants are also citizens of Illinois for purposes of jurisdiction, the estate's participation in this litigation would destroy diversity of citizenship. Therefore, defendants argue that Destocki's estate assigned its interest in the 2003 Recording Agreement to Randazzo, a California citizen, for the sole purpose of bringing this case in federal court.

"When assignments of rights seem to have the effect of creating diversity jurisdiction, federal courts give them close scrutiny for signs of attempts to manipulate the forum." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 723 (7th Cir. 2012). An assignment is collusive, and therefore divests the Court of jurisdiction, "when its sole function is to shift litigation from state to federal court." *Grede v. Bank of New York Mellon*, 598 F.3d 899, 900–01 (7th Cir. 2010). The Court evaluates the "totality of the circumstances" to determine whether an assignment was made for the purpose of achieving diversity jurisdiction. *YP Recovery, Inc. v. Yellowparts Europe, SL*, No. 15-cv-3428, 2016 WL 4549109, at *6 (N.D. Ill. Sept. 1, 2016) (St. Eve, J.). Relevant factors in the Court's decision are: 1) "Whether the assignee of the claim lacked a prior connection to the litigation"; (2) "Whether the assignor of the claim selected the assignee's legal counsel and/or paid for the assignee's litigation expenses"; (3) "Whether the assignor retained control of the litigation"; (4) "Whether the assignee agreed to share with the assignor any portion of the recovery"; (5) "Whether the assignee provided meaningful consideration for the assignment"; (6) "Whether the timing of the assignment is suspicious"; and (7) "Whether the assignment was motivated by a desire to create diversity jurisdiction." *CNH Indus. Am. LLC v. Jones Lang LaSalle Americas, Inc.*, 882 F.3d 692, 702 (7th Cir. 2018).

The Court first examines Randazzo's prior connection to the litigation. As a party to both the 1970 Recording Agreement and the 2003 Recording Agreement, Randazzo has a clear

connection to the matter. *Cf. YP Recovery, Inc.*, 2016 WL 4549109, at *8 (citing *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 35 (7th Cir. 1979)) ("[Plaintiff's] insubstantial connection to this dispute points toward the improper creation of diversity jurisdiction."). Thus, the first factor weighs in Randazzo's favor. The second and third factors also support a finding of a non-collusive assignment because Randazzo chose his legal counsel, he alone is liable for the litigation expenses, and he retains sole control of the litigation.

The Destocki estate's lingering stake in the litigation, however, is highly indicative of collusion. Per the Assignment Agreement, Randazzo agreed to share fifty percent of any recovery from this suit less litigation costs with Destocki's estate. (Dkt. 27, at 1 [Sealed[1]].) Essentially, Destocki's estate retains the same interest in recovery as it would if it were a named plaintiff.[2] Therefore, Destocki's estate is essentially a silent party to the litigation. *See 3BTech, Inc. v. Wang*, 534 F. Supp. 3d 973, 985 (N.D. Ind. 2021) (holding that, while not dispositive, the assignee's agreement to share recovery with the assignor was strong evidence of a collusive assignment).

Next, the meaningful consideration factor does not weigh in Randazzo's favor. Randazzo contends that the definition of consideration is to be construed broadly for Section 1359 purposes and perfunctorily states that the assignment "is supported by consideration." (Dkt. 24, at 9); *see also YP Recovery, Inc.*, 2016 WL 4549109, at *9 (finding lack of meaningful consideration where assignee

---

[1] With the Court's permission, Randazzo filed the Assignment Agreement under seal. However, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see also City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) ("[L]itigants who enjoy publicly subsidized dispute resolution should expect public oversight."). Because certain details of the agreement are integral to this decision, the Court references them here but does not unseal the filing. Additionally, the parties discussed these percentages on the record in open court on September 8, 2022. (Dkt. 28.)

[2] Though Randazzo did not explicitly state how he and Destocki agreed to split their share of IOM's royalties, the 2003 Recording Agreement shows that IOM paid Randazzo and Destocki an equal amount to settle the unpaid royalties from 1970 to 2003. (Dkt. 1-2.) This suggests that Randazzo and Destocki retained an equal interest in any future recovery.

4

failed to rebut defendant's arguments that meaningful consideration did not exist). The analysis is not so simple here. Because the parties agreed to share any recovery evenly, they remain in the same position whether the Destocki estate joined the litigation or not. Said otherwise, Randazzo gained no portion of the recovery in exchange for his agreement to take charge of the litigation. Therefore, the Court questions whether the consideration was truly meaningful. *See Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 827–28, 89 S. Ct. 1487, 23 L. Ed. 2d 9 (1969).

Mostly importantly, the timing of the assignment weighs strongly in favor of collusion. Randazzo and Destocki's estate represented their respective interests individually when they informed IOM of this dispute, though they were represented by the same legal counsel. Ten months later, and only one week before filing this case, Destocki's estate assigned its interest to Randazzo. Because the assignment occurred on the eve of Randazzo commencing this action and the estate had previously represented itself in attempts to enforce the 2003 Recording Agreement, "the timing of the assignment in relation to the parties' dispute and to this lawsuit, emit[s] an odor of collusion[.]" *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1067 (7th Cir. 1992); *see also YP Recovery Inc.*, 2016 WL 4549109, at *9 (holding that an assignment made ten days before filing the complaint constituted suspicious timing).

Ultimately, in light of the above considerations, the Court holds that the circumstances of the assignment are indicative of a motive to collude. Randazzo argues that "[t]he primary purpose of the assignment is to allow Plaintiff to control the litigation." (Dkt. 24, at 10.) This claim is not convincing. Randazzo could still lead the litigation if the estate were a named party. Randazzo further argues the assignment allows "counsel to have one client with authority, with personal knowledge and with a breadth of experience in music industry royalty income streams and calculations[.]" (*Id.*, at 10.) In contrast, Randazzo contends that the representative of Destocki's estate (Destocki's widow) is located in Idaho and does not have personal knowledge of the dispute

5

or specialized knowledge of the music industry. To be sure, the Seventh Circuit has found assignments not to be collusive when they facilitate the aggregation of hundreds of claims. *See CNH Indus. America LLC*, 882 F.3d at 704. But such an argument is inapplicable to a two-plaintiff breach of contract dispute that doesn't present the same administrative concerns. Further, the assignment does not necessarily remove the estate's participation in the litigation as it may still have to participate in discovery. As a result, the only remaining logical purpose of assignment would be to preserve diversity jurisdiction.

Based on the totality of the circumstances, the Court concludes that Randazzo and Destocki's estate colluded to create diversity jurisdiction. Therefore, pursuant to Rule 12(b)(1) and 28 U.S.C. § 1359, the Court dismisses the suit for lack of jurisdiction. Because subject matter jurisdiction does not exist, the Court cannot assess whether the complaint fails to state a claim. *See All. for Water Efficiency*, 892 F.3d at 287.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion to dismiss [21].

IT IS SO ORDERED.

Date: 3/20/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge